The next case for argument is 24-1106, Inland Diamond Products v. Cherry Optical. How do you pronounce your name? Jotanovic. Yes. We're ready. Please proceed. Good morning, Your Honors. May I please support Mark Jotanovic here on behalf of Appellant Inland Diamond Products. Today we ask that this Court overturn the lower district court's final decision in granting Cherry, the decision in order to grant Cherry a summary judgment motion of invalidity in view of the asserted claims. Specifically, the district court applied an erroneous application of collateral stoppable from a previous PTAB decision that had a differing evidentiary standard and a differing claim construction standard. This led the court to bypass a proper analysis under the appropriate standards that the court should have taken. For reasons I'll discuss further, the case should be reversed and remanded. While the district court did not have the benefit of this court's guidance in view of Parker Vision and Cryope Holdings, we now have that benefit. Inland's position is that this is a straightforward case in view of those decisions, and I think that this panel specifically understands that. Obviously, our position is that... And there's a petition for rehearing pending on CROI, correct? Yeah, I'm not aware of that. Okay.  That being said, Parker Vision and CROI expressly ruled that collateral stoppable cannot find claims that were not challenged in a previous IPR in a subsequent district court action. In view of these, we think that the underlying action in the district court did not properly view the asserted claims under the correct evidentiary standards, and so it bypassed that and just applied collateral stoppable to the asserted claims. Can I ask you, can we just kind of take that issue off the table? Say CROI didn't help you. Sure. CROI doesn't exist.  You've also got a different issue here, and I just want my own edification. You've got a claim construction issue, which wasn't present in CROI and Parker Vision. That was all on clear and convincing and preponderance. You've got claim construction on BRI and regular standards. How do you tease that? One, do we have to really reach that in this case? And two, how do you tease that out? Is there a different analysis there on issue preclusion than there was in CROI? Yeah. So are you asking me what would the analysis be absent those two cases if we just look at the different constructions at the PTAB? Well, let me start off and ask you one other quick, I'm sorry, my question. If CROI didn't, if CROI applies here, do we even reach the issue of claim construction or does that dispose of everything here? I think it is important that this court address it because I think this is a distinction that hasn't previously been decided on this case. And I think that the lower court's decision inherently applied this weird hybrid claim construction standard where we had these asserted claims that survived IPRs. Some of those limitations were construed under a BRI standard, which I think everyone in this room understands it should be under Philips. And we had other limitations that were construed under Philips. Right. We understand all that, but to follow up on Judge Post's point, if Parker, Vision, and CROI, if the court concludes that they apply here, and so therefore it was incorrect for the district court to basically piggyback off of the patent board's unpatentability finding for the independent claims to sort of do a shortcut analysis on the dependent claims here for validity purposes, then it doesn't seem like there's any need for the court to then go further and address the differences in claim construction rubrics between broadest reasonable interpretation and Philips. Is that right or wrong? No, I agree. But I do think we do have a further point of distinction of why the issue was truly never set forth and decided in the previous HOIA IPRs that were done under the different evidentiary standard and PTAB standard, or I'm sorry, BRI standard for claim construction. Did the district court use a Philips-style claim construction here in granting summary judgment, or did it adopt the broadest reasonable interpretation construction? So just to give a little context, the parties stipulated to claim construction that was decided in the Eastern District of Texas under Philips. When the court analyzed certain limitations of the asserted claims, it inherently utilized BRI because it piggybacked off of a PTAB decision that was under the broadest reasonable interpretation standard. And there was a material distinction between what was construed for certain limitations in the PTAB versus what we had in the district court action, which we stipulated to here. So inherently, the court ignored the stipulated construction when it analyzed these limitations of the asserted dependent claims. So I think it's twofold as to why issue preclusion doesn't apply. Obviously, in view of CROI and PARPA provision, but this also additional determination by the court to simply piggyback off of a decision that was based off of a BRI standard that had significant material distinctions between what the parties stipulated to in the Philips column. If that were the only issue in this case, just the claim construction, the difference between BRI and Philips, could we remedy that by just looking at the claim construction and say, we think this is the correct claim construction under any standard. Let's move on. I don't think so, because there were material distinctions between what the parties said. Well, I just said, and we decide they're not. I mean, can we just avoid, evade that issue by just saying, if we were to say, we're applying de novo, review claim construction, we don't care what the standard is, whether it's BRI, we think applying the Philips standard, which we would have reached the same construction. We can dispose of it that way, right? I think we would still have the benefit of CROI and PARPA provision if you're looking at the evidentiary standards, but also I think there is expert testimony explaining why. Well, I mean, I don't know the answer to this, that's why I'm asking. I think CROI, in that respect, aren't CROI and PARPA provision a little different because that dealt with the treatment and the standard for review of fact-finding. We don't do fact-finding, and isn't that a little different than when you're dealing with the legal question of claim construction? Yeah, but I think both apply here, if that answers your question. We have fact-finding issue. No, the hypothetical was if claim construction was the only issue here, and the differing standards, warranting, issue preclusion, could we fix that kind of issue on appeal? If you don't know the answer, that's fine. Yeah, I mean, it's a hypothetical where I think that the parties would have had a difference in briefing if we had that determination. I don't think our expert in the way that the case was ran and discovered, we didn't have the benefit of utilizing that hypothetical claim construction, so I think it's tough to pinpoint. I guess to follow up on Judge Breaux's question, if in a hypothetical world, the burden of proof for invalidating a patent claim in district court was a preponderance of the evidence, then you'd have the same burden of proof in both forums. Correct. And so now, when it comes to collateral estoppel, it would really just boil down to the different claim construction rubrics, broadest reasonable interpretation and Phillips, and then the question would be, okay, those are different claim construction rubrics, so maybe it wouldn't be appropriate to use collateral estoppel, however, if the claim constructions ended up being identical or identical in all material ways, then it would seem like there'd be an opportunity to go forward and still apply collateral estoppel because the issue litigated ultimately is the same issue, but this is a bit of a theoretical question right here because obviously for district courts, you have to prove invalidity by clear and convincing evidence. Correct. And I would say that it would be very factual in terms of determining whether the difference in the BRI standard and the Phillips standard actually apply. Obviously we laid out our reasons why we think there's a material distinction between them, but I will say that, as this court knows, cases turn all the time on claim construction, so I do think it makes a difference. Parties argue all the time about how certain claims are construed and it's, as we all know, it's dispositive, so I do think it makes a difference. What's the right way to think of this court's opinion in X, Y, which also talked about collateral estoppel and said, okay, the patent owner is collateral estoppel from asserting this claim because this claim is now gone. Yeah, I think X, Y was a distinction, well, one, because it was a PTAB decision that led to a district court application, but I think in ... Well, that's the same context we have here.  In Parker vision, this court clarified X, Y and stated that we're dealing with claims that have not been found unpatentable, and so those claims are presumed valid. It can only be found invalid in district court litigation by clear and convincing evidence, so I think that same application should apply in the underlying district court case on behalf of my client. Does that make sense? I found ... I'll tell you later. All right, you mentioned your rebuttal. Anything else you want to say? I have no further comments for the panel. Thank you. Thank you. Thank you.     Good morning. Good morning. I may it please the court, my name is Tiffany Wolfel, and I, along with Jason Just, represent Cherry Optical. Your honors, this case is about fairness and whether it was fair for Cherry to have to relitigate the invalidity of claims that have been determined by PTAB after full and fair IPRs to be invalid. But we're not operating on a clean slate here, so fairness is dictated by our precedent, and I frankly didn't ... I appreciate that there were 28 J letters up on Parker Vision and CROI. I don't understand how you were trying to distinguish CROI from this case. So I think the difference between Parker Vision and CROI is that you have separate claims that the collateral estoppel is being applied to. In particular, it was frequently estoppel from apparatus claims to separate method claims. Here the district court applied collateral estoppel from claim one and claim three, which were invalidated at the IPRs, to claims one and claim three. It did not apply it directly to claims two, four, six, and four, which were the claims that were asserted in that issue. It simply found that those claim elements that were within claims one and three were found to be unpatentable, were found not to be new, not to be novel, and with that as the starting case, looked at the 12 pieces of prior art ...  But here you're trying to invalidate dependent claim two. Yes. Right? And dependent claim two, legally and practically, is a different claim from claim one, and it happens to contain all of the limitations of claim one, plus an additional claim limitation. And so in that way, it seems like you're relying on a bunch of fact findings that were made by the patent board that resulted in the ultimate invalidation of claim one, and applying those underlying fact findings here in district court against dependent claim two, but we have a different burden of proof in the context of a district court compared to the PTAB and an IPR. And therein lies the problem, I think, as I try to compare the facts here to the facts of Parker vision. Correct. There is a difference in the levels of deference between the two. So the big underlying concern is when the claims were invalidated out of the IPRs, they were extinguished, and they no longer carry a presumption of validity. And that presumption of validity is why there's a heightened burden at the district court. There's still a presumption of validity for claim two, though. Correct. And the court addressed claims two, four, and six at that heightened burden, found by clearing convincing evidence that the additional prior art taught those bevel height profiles that were within claims two, four, six, and four, and found that there was clear and convincing evidence that that prior art showed that those bevels were in existence, that Inland did not dispute that that prior art showed. That's a focus on the limitation in the dependent claim. It's not a focus on the limitations contained in claim one that are also part of claim two. And Parker vision, I think, seems to counsel that it's now your burden to prove that the prior art, in fact, does teach all of those elements by clear and convincing evidence, something that's never been done yet before. We think this aligns more closely with X, Y, in that the direct claim that was found invalid, claims one and claim three, was what the collateral estoppel was applied to, as opposed to trying to apply estoppel from an apparatus claim to a method claim, like you saw in Parker vision, where, while they are similar claims, there would have been different words. There would have been different discussions. I know in CROI IP, I believe there was a discussion as to whether or not the motivation to combine the prior art would have been there and would have been the same as to the obviousness standard. Isn't this just like CROI, though? Isn't applying claim construction to a different claim that they thought was materially indistinct? No. I think this is going from one claim to a separate and different claim. That's your case, right? No, Your Honor. Respectfully, we actually did make that argument that you could go from claims one and three to two, four, and six, and the district court rejected that argument. Our argument was that we did not have to re-litigate the issue of whether or not claim one had new and novel and non-obvious claim limitations within it, and that was the starting point and the conclusion that the district court could jump off of, similar to what the court saw in Ohio Willow Wood, where the independent claims were found to be collaterally established and the district court was allowed to jump off on the dependent claims then and address the issue of obviousness. Ohio Willow, I thought, was truly about comparing claim to claim, the asserted claim ultimately being deemed to be patently indistinct from a previously litigated but invalidated claim. As to claim 19 on Ohio Willow Wood, yes. And then it went on to discuss claim 20 and a couple other dependent claims, which the federal circuit upheld the finding of obviousness, and there was an argument that they were jumping off just from the dependent claim and that was inappropriate. And this court found that it was appropriately found that those were just dimensional components. In Ohio Willow, the previously litigated invalidated claims, that was all done in a district court, right? Under a clear and convincing evidence standard of proof. Correct, Your Honor. So that's different from here, where the previously litigated claims went down under a preponderance of evidence. Correct. And what's most important out of that is that the claims were extinguished. They were found unpatentable. They no longer carry that presumption of validity. And that is what carries the heightened burden of the district court. So there's a district court opinion authored by Judge Bryson sitting by designation called IO Engine. Yes. Is there any factual difference that matters between that case and this case? As I understand it, that case also was about previously invalidated through an IPR independent claims, and then the patent owner was asserting dependent claims in district court, and in IO Engine, the district court concluded that, no, you can't use collateral estoppel to kind of ignore all the elements of the independent claim in evaluating the validity of the dependent claim because of the different standards of proof. Is there anything that's different about that case than this case? I think the primary difference in that case is that the parties were actually arguing that the expert witness and that the jury couldn't take specific findings of fact separate from what, and in contrast to what the IPR had rendered in its decision. Let's assume IO Engine was a federal circuit opinion. Would you lose? Is there some way out? At the moment, I don't think there is. I think what you're asking us to do is just to disagree with the IO Engine district court opinion. I think you're probably correct. Your Honor, but IO Engine isn't a federal circuit opinion. It's just a district court decision, and right now, we still have the federal circuit decisions of Max Lanier, Ohio Willow Wood, XY, which all support Cherry's position that it was appropriate that once these claims in the IPR were canceled as unpatentable for the district court to rely on that and for the parties to not have to re-litigate this issue and not have to spend time and re-litigate these independent claims just to reach the district, the dependent claims alongside them. One thing that's worth noting is that there's nothing in these dependent claims that recycles or reuses any of the language from the independent claims other than the fact that they are dependent. You don't see interference fit the claim that's at issue in the claim construction, again, in claim two or claim four or claim six. It is only within claim one, and so therefore, it was appropriate for the district court to find collateral estoppel applied, and in doing so, he didn't apply two different levels of claim construction in his opinion. He didn't actually engage in any claim construction as to claims two, four, and six because they were just determined on their plain and ordinary meaning because, again, two, four, and six are just beveled profiles. They're measurements, millimeter measurements, and angles, and geometry is going to limit basically what those can be, and the district court found in looking at the prior art where there were 12 pieces that were cited and not contested by Inland to have shown that these bevel heights and measurements were inexistent, that that was a strong showing of obviousness, and it would have been reasonable to be combined with the conclusions that the claim limitations in one were already taught and that three were already taught. Can we also make a finding about motivation to combine? I think the district court already did, and that wasn't up on appeal from Inland. He found a motivation to combine the eight pieces towards the angle height measurements and the four pieces towards the bevel height measurements would have been combined with the teachings to find the conclusion that they were obvious. Are you filing an amicus brief in support of Croy's petition for rehearing in bank? I'm not currently going to say whether we are or we are not. I do know that there are petitions that have filed amicus briefs in there, and we were aware that there is petitions for rehearing, and we actually would strongly encourage that the amicus brief that was filed on behalf of the rehearing raises a lot of the similar concerns here about the cost of having to re-litigate these issues that were decided at a PTAB level in the district court when you have such a one-to-one comparison here of it was just claim one directly against a claim one, and then the district court addressed at clear and convincing evidence the additional prior art to find the obviousness claims. What about claim construction? Do you think that the district court claim construction is the same as the patent board's claim construction for interference fit? The district court didn't engage in any claim construction as to interference fit because it applied collateral estoppel to claim one and did not readdress claim one, and interference fit does... Right, but we're trying to analyze now exactly the sameness of the analysis that happened with the patent board that maybe needs to happen at the district court level, and at a minimum, the words are different. So now the next question is, okay, do the differences in the words articulating the claim construction make a material difference? And maybe they do. And, Your Honor, you actually bring me to the second point I was going to raise in my remaining time. We think that the court could affirm the finding of obviousness or anticipation even under the HOIA claim construction because we don't believe that there is a substantive difference between the HOIA claim construction and the IPR construction, and we do believe that Gottschall teaches all of the claim limitations that are inherent within claim one. By clear and convincing evidence? By clear and convincing evidence. Do you want us to do that in the first instance? We believe that you have the authority to do so because we raised it at summary judgment. It was fully briefed at summary judgment. The district court did not reach the issue because it found obviousness through the collateral of Staple first, but we do think that you have the authority to because it was fully briefed at the summary judgment level. And we do think in terms of the... Where have we done that before? What, Your Honor? Where has this court done that before? I don't know that it's very common for this court to do so, but you do have the authority to do so. Gottschall teaches interference fit, and in particular, there is one portion of interference fit that Inland Contests isn't taught in Gottschall, and that is the dimensional component. However, Gottschall teaches that the bevel height needs to be larger than the frame groove channel in which it's inserted, and that the bevel will need to be bearing down on the which inherently is teaching that dimensional component that's required. In fact, the IPR, when reviewing Gottschall, expressed that it had this height component that it taught. And that teaching as to what the prior art teaches is something that is done as to what a person of ordinary skill in the art would understand, and is a finding that this court can look at regardless of the claim construction issue. So we do believe that interference fit is taught, and that Gottschall can be combined with the four pieces of prior art as to the bevel heights, and the eight pieces of prior art as to the bevel angles that Cherry produced that Inland did not raise any sort of substantive defense to, and that the district court found was in the art, and was known and taught those limitations at the time that the patents were issued, which is why the district court found a strong showing of obviousness in rendering these asserted claims invalid. So therefore, if this court is disinclined to follow the collateral estoppel issue, we do believe you have the authority to affirm the district court's granting of summary judgment on either an anticipation or obviousness standard. And if there are no further questions from the court. Thank you. Thank you, Your Honor. Thank you, Your Honors. I'd like to address a few points, although there's a litany of things that were raised by Appelli. First, I think that Appelli's asking you to make findings of facts without a proper record, analyzing all the expert testimony and all the arguments that were made. Well, why doesn't Gottschall teach a bevel height that's greater than the channel depth? Yeah. Sure. So the way it talks about the relationship between the bevel and the groove, it seems like necessarily that bevel is taller in order to push right up against the depth of the  Sure. So I can talk about that. So Gottschall is actually directed, and we have testimony and factual evidence in the record, to glass lenses. And the way that Gottschall actually describes edging, it's more in the context of adjusting for wear and tear on wheels, since glass is very hard and breaks down wheels much harder than plastic. If you look at what the title of Gottschall is, it's glass. It refers to glass throughout the specification. And if you look at the section that they're relying on, it actually says that the diameter is smaller than the lens that it, or I'm sorry, than the frame that it goes into, which is a key component of what we're arguing on clink construction, and that was, frankly, part of the previous IPRs almost 10 years ago, where the PTAB obviously used the BRI standard. Now that being said, you can't have an interference fit with glass lenses. There's all kinds of testimony on the record that glass lenses will cause breakage, so Gottschall doesn't apply. One thing that this court may not have context to is that the asserted claims actually are material. They survived IPRs. And another thing that is important is that the, I litigated the Hoya IPRs with Inland Diamond Products, and the dispute there was never whether Gottschall taught the BRI construction. The dispute was whether or not the PTAB got the proper construction under BRI. And at that time, they construed the claims under BRI. It was a material distinct construction that allowed the board to make a finding of invalidity. Now it didn't use the Phillips construction, but we're convinced that if a court properly analyzed Gottschall's view of the appropriate Phillips construction, which we stipulated to, we would win because it's directed to glass lenses, and it's directed to a smaller type of fit than what we describe in our patent. But no court has analyzed it. The lower district court in the underlying litigation hasn't done it, and that's why issue preclusion does not apply. So we need the district court to actually figure that out before anything with the record that we've set forth with expert testimony and the prior arguments that Jerry has proffered to the district court. Nothing else? Thank you, Your Honor. Thank you. Case is submitted.